IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–03190–KMT

PHILADELPHIA INSURANCE COMPANY,

    Plaintiff,

v.

ALTITUDE FIRE PROTECTION, LLC,
JEANETTE G. SCHLENVOGT,
TIMOTHY R. SCHLENVOGT,
DANIEL L. SMITH,
TINA SMITH,
WILLIAM A. WILKES,
KRISTI M. WILKES, and
ALLIANCE CONSTRUCTION SOLUTIONS, LLC,

    Defendants.

## ORDER

This matter is before the court on Defendant Alliance Construction Solutions, LLC's "Unopposed Motion to Dismiss without Prejudice and Certificate of Conferral Pursuant to Local Rule 7.1(a)." (Doc. No. 21, filed January 22, 2015.) Alliance Construction Solutions seeks to dismiss this action without prejudice because the parties have agreed to arbitrate this matter pursuant to a binding arbitration provision.

An action can be dismissed voluntarily in only two ways after a defendant has filed an answer[1]: (1) without a court order, through the filing of a stipulation signed by all parties who have appeared, Fed. R. Civ. P. 41(a)(1)(A)(ii); or (2) by court order on terms that the court considers proper, *id.* (a)(2). Importantly, under either circumstance, the stipulation or request for dismissal must be filed by the *plaintiff*. Fed. R. Civ. P. 41(a)(1)(A) ("the *plaintiff* may dismiss an action without a court order . . ."); *id.* (a)(2) ("an action may be dismissed at the *plaintiff's* request . . .") (emphasis added). As such, the court is not authorized to grant a motion for voluntary dismissal filed by a defendant, even when the motion is not opposed by the plaintiff.[2]

Therefore, it is

ORDERED that Defendant Alliance Construction Solutions' "Unopposed Motion to Dismiss without Prejudice and Certificate of Conferral Pursuant to Local Rule 7.1(a)" (Doc.

---

[1] Defendants Altitude Fire Protection LLC, Jeanette Schlenvogt, Timothy Schlenvogt, Daniel Smith, Tina Smith, Kristi Wilkes, and William Wilkes filed an answer on January 12, 2015. (Doc. No. 19.)

[2] In addition, although Alliance Construction Services indicates that its Motion to Dismiss is unopposed, the motion does not contain any indication as to whether its co-defendants defendants consent to the dismissal of this action.

No. 21) is DENIED without prejudice to Plaintiff refiling a proper stipulation or motion to dismiss.[3]

Dated this 23rd day of January, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge

---

[3] The parties are advised that, because it would be dispositive of the claims asserted in this action, the court is not authorized to enter an order of dismissal absent the consent of the parties. *See* 28 U.S.C. § 636; Fed. R. Civ. P. 72.  Thus, in the event that Plaintiff refiles the request for dismissal as a motion pursuant to Rule 41(a)(2), rather than a stipulation under Rule 41(a)(1)(A)(ii), the parties shall contemporaneously complete and file the Pilot Project Consent Form (Doc. No. 9) indicating either unanimous consent to the exercise of jurisdiction by a United States Magistrate Judge or that consent has been declined.